ORIGINAL

1983 FORM Rev. 01/2008

Eric Hurst   Reg. No. 06325-122
Name and Prisoner/Booking Number
FDC Honolulu
Place of Confinement
P.O. Box 30080
Mailing Address
Honolulu, Hawaii 96820
City, State, Zip Code

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 15 2022

at  /  o'clock and 45 min. P M
CLERK, U.S. DISTRICT COURT ω

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

Eric Hurst
(Full Name of Plaintiff)

Case No.  CV22 00171 DKW RT
(To be supplied by the Clerk)

vs.

Estela Derr

Kris Robl

Nurse Dayton

(Full Names of Defendants; DO NOT USE et al.)

PRISONER CIVIL RIGHTS COMPLAINT

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. Jurisdiction is invoked pursuant to:

   a. ☐ 28 U.S.C. § 1343(a)(3) ; 42 U.S.C. § 1983
   b. ☒ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
   c. ☐ Other: (Please Specify) _____

2. Plaintiff: Eric Hurst

   Institution/city where violation occurred: FDC Honolulu

3. First Defendant *: Estela Derr

This defendant is a citizen of (state and county) Hawaii   Oahu,
and is employed as:

Warden   at   FDC Honolulu.
(Position and Title)        (Institution)

This defendant is sued in his/her  X  individual  X  official capacity (check one or both). Explain how

1

Received By Mail
Date APR 15 2022
ω

Filed Copy
Mailed On
Date  4/18/2022
-80

1983 FORM Rev. 01/2008

this defendant was acting under color of law:
The Defendant is the warden of FDC Honolulu and therefore responsibile for the actions of staff as well as policies that she put in place.

4. Second Defendant: Kris Robl

This defendant is a citizen of (state and county) Hawaii Oahu, and is employed as:

Unit Manager at FDC Honolulu
(Position and Title)      (Institution)

This defendant is sued in his/her X individual X official capacity (check one or both). Explain how this defendant was acting under color of law:

The Defendant is the Unit Manager for the unit (5A) where the Plaintiff is housed and where the gang riot occured.

5. Third Defendant: Nurse Dayton

This defendant is a citizen of (state and county) Hawaii Oahu, and is employed as:

Nurse at FDC Honolulu
(Position and Title)      (Institution)

This defendant is sued in his/her X individual X official capacity (check one or both). Explain how this defendant was acting under color of law:
The Defendant was the nurse that responded to the gang riot on July 12, 2021

(If you would like to name additional defendants, make a copy of this (blank) page and provide the necessary information.)

\*        A defendant may be named in an individual or official capacity, or both. To sue a defendant in their **individual capacity**, you must be able to state facts showing that the defendant was <u>actually</u> involved in violating your rights. A suit against a defendant in their **official capacity** is in reality a suit against the <u>office or position</u> the defendant holds. Only injunctive relief is available in an official capacity suit against a state official. This is because the **Eleventh Amendment** confers immunity upon the state or its officials against monetary damages resulting from federal court litigation.

        "Color of law" refers to whether the person is a private party or an employee, official, or agent of a state, county, city, or the federal government. There can be no civil rights action under § 1983 unless the defendant was "acting under color of law." After the color of law requirement is met, then it must be determined in which capacity the defendant is being sued.

2

1983 FORM Rev. 01/2008

## B. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits while a prisoner:   ☐ Yes   ☒ No

2. If your answer is yes, how many?: _____ Describe the lawsuit in the spaces below.

3. First previous lawsuit:

   a. Plaintiff _____

      Defendants _____

   b. Court and Case Number (if federal court, identify the district; if state court, identify the county):
      _____

   c. Claims raised: _____

   d. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
      _____

   e. Approximate date of filing lawsuit _____

   f. Approximate date of disposition _____

4. Second previous lawsuit:

   a. Plaintiff _____

      Defendants _____

   b. Court and Case Number (if federal court, identify the district; if state court, identify the county):
      _____

   c. Claims raised: _____

   d. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
      _____

   e. Approximate date of filing lawsuit _____

   f. Approximate date of disposition _____

1983 FORM Rev. 01/2008

5. Third previous lawsuit:

   a. Plaintiff _____

      Defendants _____

   b. Court and Case Number (if federal court, identify the district; if state sourt, identify the county):
      _____

   c. Claims raised: _____

   d. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
      _____

   e. Approximate date of filing lawsuit _____

   f. Approximate date of disposition _____

(If you have filed more than three lawsuits, make a copy of this (blank) page and provide the necessary information.)

6. Have you filed any actions in federal court that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted? ___Yes ___No.

   **If you have had three or more previous federal actions dismissed for any of the reasons stated above, you may not bring another civil action in forma pauperis unless you are under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).**

4

1983 FORM Rev. 01/2008

## C. CAUSE OF ACTION

### COUNT I

1. The following constitutional or other federal civil right has been violated by the Defendant(s):
1st Amendment right to seek redress for grievances

2. Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)  ☐ Mail  ☒ Access to the court  ☐ Medical care  ☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

Defendant Robl violated the Plaintiff's rights by refusing to provide him Administrative Remedy forms. On April 1, 2022, Defendant Robl told the Plaintiff and other inmates at FDC Honolulu's unit 5A that he would no longer provide BP-8 and BP-9 forms. The Bureau of Prisons promulgated a four-level administrative remedy system in accordance with 28 C.F.R. 542.10. Defendant Robl's refusal to supply needed forms (BP-8 and BP-9) and also refusing to accept inmates BP-9's that inmates did manage to acquire thwarts this entire process and burdens the federal court to preform the Defendant's job. The issue for the Plaintiff then becomes an issue of exhaustion of remedies. The Ninth Circuit has recognized various instances where a prisoner

***CONTINUED***

4. Injury: (State how you have been injured by Defendant(s)' actions or inactions.
Delayed access to the Court and the inability to resolve issues within the Bureau of Prisons as law and the federal courts would prefer.

5

GROUND ONE SUPPORTING FACTS CONTINUED

is excused from the exhaustion requirement because administrative remedies were rendered unavailable, including where officials improperly screen a prisoner's grievance or where the prisoner does not have access to proper forms. See, e.g. Sapp v. Kimbrall, 623 F. 3d 813, 823 (9th Cir. 2010). Further case law states "prison administrators thwart inmates from taking advantage of a grievance process through machination, misreprentation, or intimidation" Ross v. Blake (2016). Due to limitations of this filing process (citing case law) the Plaintiff only lists these two cases to address the issue of lack of access to the court and the exhaustion of remedies. However, when given the opportunity, the Plaintiff will provide ample case law not only in the Ninth Circuit, but across the country regarding these issues.

1983 FORM Rev. 01/2008

## COUNT II

1. The following constitutional or other federal civil right has been violated by the Defendant(s): 8th Amendment violation protecting the Plaintiff against cruel and unusual punishment.

2. Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
☐ Mail   ☐ Access to the court   ☐ Medical care
☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
☐ Excessive force by an officer   ☒ Threat to safety   ☐ Other: _____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

Defendant's Derr and Robl have populated unit 5A with inmates that violate Bureau of Prisons policy (7331.04) and US law (18 U.S.C. 3142 (i)(2)). The unit population consists of gang members (Uso, Murder Inc, MS-13, Nothenos, Paisa's, Tango's and La Familia), pretrial inmates, presentence inmates and sentenced (designated) inmates. This creates an extremely dangerous environment. On July 12, 2021, a gang riot broke out that involved 30+ inmates in Unit 5A at FDC Honolulu. The Plaintiff (with no gang affiliation whatsoever) was watching television in front of cell 125. A group of 5 Paisa gang members attacked inmate Watanabe over the issue of gambling. The Plaintiff has never participated in the gambling that goes on in the unit at large tables that frequently have 6-8 participants. When inmate Watanabe was attacked one of

***CONTINUED***

4. Injury: (State how you have been injured by Defendant(s)' actions or inactions.
The Plaintiff was beaten severely with a "lock in a sock" and suffered head trauma as well as numerous injuries all over his body.

6

GROUND TWO SUPPORTING FACTS CONTINUED

the Paisa gang members shouted instructions up to the second tier of the unit for more gang members to join the fight and bring weapons. One of those weapons was a lock in a sock. The Plaintiff remained at the table, but did not participant. Instead, three Paisa's attacked the Plaintiff, one with the lock in a sock. The Plaintiff had nowhere to go within the unit to protect himself. The Plaintiff was attempting to defend himself while he was beaten by the three gang members.

On duty at the time was CO Manuel. In addition to CO Manuel, ten additional officers responded. The response was slow which allowed many other innocent inmates to be attacked. The CO's pepper sprayed only the Paisa's (approximately twenty in total). When the fighting ended, none of the combatant's or victims were taken to the SHU (Special Housing Unit) on July 12, 2022, this against Bureau of Prison policy. All combatant's remained on the unit until the following day.

The Plaintiff was not offered medical attention by FDC Honolulu for his injuries. The Plaintiff spoke to Nurse Dayton and communicated his symptoms (severe head pain) in addition to showing him the obvious head and body injuries. The Plaintiff received no xrays nor was he tested for a concusion.

On July 13, 2022, the Plaintiff was interviewed by staff and told them that he was attacked with the lock in a sock. The Plaintiff was placed in the SHU for 74 days with other combatants. The Plaintiff was given an incident report 35 days later. FDC Honolulu officals did not follow the standard Bureau of Prisons policy regarding the Plaintiff's incident report or any other inmate involved in the riot. Ultimately, the Plaintiff was released from the SHU with no loss of good time and no penalties. Notably, none of the Paisa gang members were charged (criminally) for the attack on the Plaintiff. The gang members that attacked the Plaintiff were instead returned to the unit (5A) where nearly all combatants remain. The Plaintiff offers two examples of charges that inmates faced for attacking fellow inmates. Both inmates (Karen Butler 9th Circuit and Gutierrez 5th Circuit) were charged (Possession of a Weapon and Attempted Assault in the Second Degree, respectively) and sentenced to 48 months additional imprisonment. Neither case resulted in injuries greater than the Plaintiff sustained, but both were attacked with the lock in the sock.

The fact that none of the Paisa gang members, or any other combatant, was charged for this incident is noteworthy. Furthermore, none of the combatants received penalties (loss of good time, etc.) for the altercation. Instead they were all returned to the general population and more specifically, unit 5A.

While the Plaintiff was not offered medical treatment, his injuries were documented by Health Services at FDC Honolulu and are part of his medical record.

As previously mentioned, the gang riot started as the result of the gambling that Defendant's Derr and Robl are aware of. Several inmates have received minor incident reports regarding this gambling, but it continues on unit 5A unabated. Unit CO's actually watch as tables of inmates play poker for substancial sums of money. The Plaintiff has learned that this riot initially started as the result of one inmate's loss of over $1000. The gambling tables can clearly be seen by overhead cameras as well. It is the Plaintiff's intention to subpeona footage of gambling in unit 5A from FDC Honolulu as it is taking place and being watched by the unit CO as the Plaintiff prepares this action.

The Defendant's (Derr and Robl) have assembled a collection of inmates that have no business being housed together and then allowed inmates to engage in illegal activity that only makes the unit more unsafe.

To further illustrate the tolerence for gambling on the unit, Unit 5A Counselor Dwayne Bautista during an orientation meeting that included 40 inmates in late February stated that "we know you are gambling, just make sure you pay your debts and don't get us involved".

The indifference of the Defendant's and other staff lead to the gang riot in Unit 5A. What transpired in the wake of the riot (by the Defendant's) was done so to prevent Bureau of Prisons Region and National office from finding out the extent of the mismanagement of FDC administrative staff. This was accomplished by not assessing "shots" to all inmates involved in the riot and not identifying cause in what few shots were written. By not filing criminal charges, the Defendant's attempted to keep the issue internal even though the acts should have resulted in criminal charges.

1983 FORM Rev. 01/2008

## COUNT III

1. The following constitutional or other federal civil right has been violated by the Defendant(s): 8th Amendment violation protecting the Plaintiff against cruel and unusual punishment.

2. Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

Defendant Nurse Dayton denied the Plaintiff medical attention after the gang riot described in Count II. The Plaintiff continues to suffer from the injuries he sustained.

4. Injury: (State how you have been injured by Defendant(s)' actions or inactions.
Continued headaches and dizziness.

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

7

1983 FORM Rev. 01/2008

## D. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

$3,000,000 for jeopardizing the Plaintiff's safety and depriving medical attention.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. § 1746 and 18 U.S.C. §1621.

Signed this __12__ day of __April__, __2022__.
                    (month)        (year)

_Eve Hust_
(Signature of Plaintiff)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than **fifteen (15) additional pages**. Number these pages in relation to the final page number of the section that is being extended (i.e. additional defendants' pages should be numbered "2A, 2B, etc.," additional previous lawsuits' pages "4A, 4B, etc.," additional claims should be numbered "7A, 7B, etc." This form, however, must be completely filled in to the extent applicable.