IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ERIC HURST,

Plaintiff,

vs.

ESTELA DERR, *et al.*,

Defendants.

CIV. NO. 22-00171 DKW-RT

ORDER DIRECTING SERVICE OF PRISONER CIVIL RIGHTS COMPLAINT

Pro se Plaintiff Eric Hurst commenced this action by signing the Prisoner Civil Rights Complaint on April 12, 2022. ECF No. 1 at 11. On May 6, 2022, the Court issued an Order Dismissing Complaint in Part with Partial Leave Granted to Amend. ECF No. 6.

In screening the Complaint, the Court concluded that Hurst stated a plausible denial-of-adequate-medical-care claim in Count III against Nurse Dayton. *Id.* at 16–17. The Court dismissed Hurst's threat-to-safety claims in Count II against Warden Estela Derr and Unit Manager Kris Robl with leave to amend. *Id.* at 13–16. The Court dismissed Hurst's remaining claims with prejudice. *Id.* at 7–12.

The Court instructed Hurst to file any amended pleading by May 31, 2022. *Id.* at 17 –18. In the alternative, the Court instructed Hurst to notify the Court in writing on or before May 31, 2022 if he opted to proceed only with his

denial-of-adequate-medical-care claim in Count III against Nurse Dayton. *Id.* at 18. The Court notified Hurst that if he failed to file an amended pleading or notice of his election, the Court would direct that the Complaint be served, as limited by the Order. *Id.*

Hurst did not file an amended pleading or a notice of election by the May 31, 2022 deadline or since. Instead, he filed a Notice of Appeal on May 13, 2022. ECF No. 7. That appeal remains pending.

Although the filing of a notice of appeal generally divests the district court of jurisdiction, the district court's jurisdiction is not affected when a litigant files a notice of appeal from an unappealable order. *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). In such a case, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966).

Here, the May 6, 2022 Order is not an appealable final order under 28 U.S.C. § 1291; the Order is not an interlocutory order generally appealable under 28 U.S.C. § 1292(a); and the Court did not certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b), nor did Hurst request that it do so. Thus, Hurst's Notice of Appeal did not divest the Court of jurisdiction. The Court therefore intends to proceed without further delay.

IT IS HEREBY ORDERED that:

(1) For Defendant Nurse Dayton, the Clerk is directed to send to Plaintiff: one copy of the Complaint, ECF No. 1; one completed summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two Waiver of Service of Summons forms (AO 399); and an instruction sheet. Plaintiff shall complete these forms as directed and submit them to the U.S. Marshal in Honolulu, Hawaii.

(2) For the United States, *see* Fed. R. Civ. P. 4(i)(3), the Clerk is directed to send to Plaintiff two additional copies of the Complaint, ECF No. 1; two completed summonses; and two USM-285 forms. Plaintiff shall complete the forms as directed and submit them to the U.S. Marshal in Honolulu, Hawaii.

(3) Upon receipt of the above completed documents from Plaintiff, the U.S. Marshal shall mail to Defendant Nurse Dayton: a copy of the Complaint, ECF No. 1; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed. R. Civ. P. 4(c)(3). The U.S. Marshal shall also deliver a copy of the completed summons and the Complaint, ECF No. 1, to the United States Attorney for the District of Hawaii and the Attorney General of the United States as directed by Plaintiff without payment of costs.

(4) For Defendant Nurse Dayton, the U.S. Marshal shall retain the completed summons and a copy of the Complaint, ECF No. 1. The U.S. Marshal shall file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

(5) If Defendant Nurse Dayton does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons, the Complaint, and the Motion, and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

(6) The Clerk shall also send a copy of this Order to the U.S. Marshal at P.O. Box 50184, Honolulu, HI 96850.

(7) Alternatively, if Plaintiff does not wish to use the services of the U.S. Marshall in effecting service of the Summons and Complaint, as outlined above, Plaintiff may serve Defendants on his own according to the procedures set forth in Fed. R. Civ. P. 4(i). Plaintiff is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

(8) Defendant Nurse Dayton shall file a responsive pleading to the Complaint, ECF No. 1, within the time set forth in Federal Rule of Civil Procedure 12.

(9) After the Complaint, ECF No. 1, is served and Defendant has filed an answer or responsive pleading, Plaintiff's documents will be deemed served when they are electronically filed by the court. The United States Marshal is not responsible for serving these documents on Plaintiff's behalf.

(10) Until the Complaint, ECF No. 1, is served and Defendant or his or her attorneys file a notice of appearance, Plaintiff SHALL NOT FILE MOTIONS OR OTHER DOCUMENTS with the Court.

IT IS SO ORDERED.

DATED: June 15, 2022 at Honolulu, Hawaii.




Derrick K. Watson
United States District Judge