IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC HURST,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>EARL DAYTON,<br><br>　　　　　Defendant. | CIV. NO. 22-00171 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE |

**FINDINGS AND RECOMMENDATION**
**TO DISMISS COMPLAINT WITH PREJUDICE**

For the reasons set forth below, this Court **FINDS AND RECOMMENDS** the District Court dismiss this case with prejudice.

**Procedural History**

On 4/15/2022, pro se Plaintiff Eric Hurst ("Plaintiff") filed a *Prisoner Civil Rights Complaint* ("Complaint") against three officials at the Federal Detention Center – Honolulu ("FDC Honolulu").  ECF No. 1.  These officials are Defendants Estela Derr (Warden), Kris Robl (Unit Manager) and Nurse Dayton[1] (collectively, "Defendants").  *Id.* at PageID.1-2.  Plaintiff alleges that these FDC - Honolulu officials violated his constitutional rights by refusing to provide him with

---

[1] Plaintiff failed to specify a first name for Defendant Nurse Dayton in the *Complaint*.  ECF No. 1.  Nurse Dayton was subsequently identified as Earl Dayton.  ECF Nos. 24 and 26.

administrative remedy program forms (Count 1), threatening his safety (Count 2) and denying him adequate medical care (Count 3). *Id.* at PageID.5-10. Contemporaneous with the filing of the Complaint, Plaintiff also filed an *Application to Proceed In Forma Pauperis by a Prisoner* ("IFP). ECF No. 2. On 4/19/2022, the Court granted the IFP. ECF No. 3.

Thereafter, on 5/6/2022, pursuant to its duty to screen all in forma pauperis prisoner pleadings against government officials as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court issued an order dismissing the Complaint in part with partial leave to amend. ECF No. 6. Plaintiff's claims against Defendant Robl in Count 1 were dismissed with prejudice. *Id.* at PageID.46. Plaintiff's claims against Defendants Derr and Robl in Count 3 were dismissed with leave to amend. *Id.* at PageID.46-48. Only Plaintiff's claim against Defendant Dayton remained. *Id.*

On 5/13/2022, Plaintiff filed a notice of his intention to appeal the dismissal order. ECF No. 7. On 6/16/2022, the *United States Court of Appeals for the Ninth Circuit* ("Ninth Circuit") entered an order dismissing the appeal for lack of jurisdiction. ECF No. 17. On 7/8/2022, the *Ninth Circuit* filed its *Mandate*. ECF No. 18. This Court resumed trial court proceedings as to Defendant Dayton only since Plaintiff chose not to amend his claims as to Defendants Derr and Robl.

On 1/13/2023, Defendant Dayton filed his motion to dismiss. ECF No. 26. On 3/15/2023, the district court granted the motion, dismissed this case with

2

prejudice and entered judgment. ECF No. 30. On 4/5/2023, Plaintiff filed a notice of appeal. ECF No. 32.

On 8/16/2024, the *Ninth Circuit* filed its memorandum opinion reversing the order of dismissal and remanding for further proceedings. ECF No. 40. On 10/8/2024, the *Ninth Circuit* filed its *Mandate*. ECF No. 43. Thereafter, this Court resumed proceedings. ECF No. 44.

On 10/21/2024, Defendant Dayton filed his *Answer*. ECF No. 45. The undersigned magistrate judge scheduled a Rule 16 Scheduling Conference for 11/8/2024. ECF No. 48. Plaintiff appeared at the scheduling conference at which the Court provided Plaintiff with certain pro se advisories. ECF No. 50. The Court's minutes state in relevant part:

> Plaintiff instructed to timely file a notice of change of address if his address changes in the future.
>
> Plaintiff advised of his obligations as a self-represented party. Plaintiff personally responsible for complying with all litigation obligations, including complying with all court rules, dates and deadlines. Plaintiff encouraged to consult with resources available on Court's website, including the Federal Rules of Civil Procedure and the Court's Local Rules.
>
> Pro se litigants must abide by all applicable rules of law or "[s]anctions, including but not limited to … dismissal with prejudice may be imposed. [LR] 81.1.

*Id.* The Court entered a scheduling order setting a trial date and deadlines, including discovery-related deadlines. ECF No. 51.

On 1/3/2025, Defendant Dayton propounded discovery requests for answers to interrogatories ("RAI") and for production of documents (POD"). ECF Nos. 52 & 53. After Plaintiff failed to respond to these requests, on 2/6/2025, Defendant Dayton served a duplicate set of the RAI and POD requests on Plaintiff as he claimed to have misplaced them. ECF Nos. 57, 58 & 60.

On 2/27/2025, the Court convened a Telephone Conference at which Plaintiff appeared. ECF No. 60. At the conference, the Court confirmed that Plaintiff had received the duplicate set of discovery requests on 2/6/2025 and directed Plaintiff to serve responses and his Rule 26, Federal Rules of Civil Procedure, initial disclosures by 3/3/2025. *Id*. Defendant Dayton stated his intention to notice Plaintiff's deposition within the next 4-6 weeks, following receipt of Plaintiff's discovery responses. *Id*. On 3/17/2025, Defendant Dayton sent correspondence to Plaintiff noting that he had failed to provided responses by the 3/3/2025 deadline set by the Court. ECF No. 61. Defendant Dayton informed Plaintiff that unless his responses were received by 3/26/2025, he may seek court intervention. *Id*.

On 3/17/2025, the Court scheduled a Telephone Conference for 4/10/2025 to discuss the status of discovery. ECF No. 62. Plaintiff was served a copy of the Entering Order scheduling the conference by U.S. Mail at his address of record. *Id*. On 4/10/2025, Plaintiff failed to appear at the Telephone Conference. ECF No. 63. Attempts by court staff to contact Plaintiff were unsuccessful. *Id*. The

4

Court then continued the conference to 4/17/2025 and sent Plaintiff a copy of the court's minutes again by U.S. Mail.  *Id.*

Plaintiff appeared at the 4/17/2025 Telephone Conference and reported that he was in the process of moving and provided a new mailing address.  ECF No. 64.  As a courtesy, the Court directed the Clerk's Office to update Plaintiff address.  *Id.*  The Court reminded Plaintiff that as a self-represented party he is required to file a notice of change of address should his address change in the future.  *Id.*  In addition, the Court reminded Plaintiff of his obligations as self-represented party.  *Id.*  In particular, the Court again reminded Plaintiff that he is "personally responsible for complying with all litigation obligations, including complying with all court rules, dates and deadlines.  *Id.*  Plaintiff again informed that "[f]ailure to do so may result in sanctions, including dismissal."  *Id.*  The Court then addressed Plaintiff's failure, despite the Court's prior order on 2/27/2025, to file his initial disclosures and also serve his discovery responses which had been outstanding for two months.  *Id.*  The Court then ordered Plaintiff to provide his discovery responses by no later than 4/21/2025.  *Id.*  Parties were directed to confer thereafter concerning the sufficiency of Plaintiff's responses.  *Id.*  To monitor status, the Court scheduled a Telephone Conference for 5/6/2025.  *Id.*

On 4/24/2025, at Plaintiff's request, Defendant Dayton sent Plaintiff a second duplicate copy of the RAI and POD requests based upon Plaintiff's claim

that he "could not find the written discovery requests" sent earlier. ECF No. 65. This was the third set of the same discovery requests served on the Plaintiff.

Plaintiff appeared at the 5/6/2025 Telephone Conference. ECF No. 66. Again, despite having been previously ordered by the Court on 4/17/2025 to comply by 4/21/2025, Plaintiff again failed to file his initial disclosures and respond to all outstanding discovery requests. *Id.* While Plaintiff did respond to the RAI, he still did not produce documents, including medical records and financial documents. *Id.* As for financial documents, Plaintiff reported that he was not making a wage loss claim and thus, had no such documents to produce. *Id.* The Court then "ORDER[ED] Plaintiff to provide outstanding discovery responses by no later than **5/13/2026**." *Id.* (emphasis in original).

For at least the third time since the case was remanded by the Ninth Circuit, this Court again reminded Plaintiff that "he remains solely responsible for complying with all litigation obligations, including compliance with all court rules, dates and deadlines. Failure to do so may result in sanctions, including dismissal." *Id.* Because of Plaintiff's repeated failures to comply with this Court's discovery orders, the Court was required to modify the scheduling order and extend deadlines for Defendant Dayton's expert disclosure, the discovery cut-off and the dispositive motions deadline. *Id.*

On 5/13/2025, Defendant Dayton filed and served Plaintiff with his deposition notice. ECF No. 67. On 5/15/2025, Defendant Dayton sent

correspondence to Plaintiff informing him of his failure to provide both his initial disclosures as well as the outstanding discovery responses by the Court's 5/13/2025 deadline.  ECF No. 68.  Defendant Dayton also reminded Plaintiff that his deposition remained scheduled for 5/20/2025 and would be conducted by video teleconference.  *Id.*

On 5/20/2025, Plaintiff failed to appear for his deposition.  ECF No. 69.  As a result, Defendant Dayton requested expedited discovery assistance from the Court.  *Id.*  That same day, the Court scheduled a Telephonic Discovery Conference for 5/23/2025 and served Plaintiff by email and U.S. Mail.  *Id.*

On 5/23/2025, Plaintiff failed to appear for the Discovery Conference.  ECF No. 71.  The Court continued the conference to 5/29/2025 and ordered Plaintiff to appear in person.  *Id.*  The Court explicitly stated that Plaintiff's "failure to do so may result in sanctions including a recommendation to dismiss this case with prejudice."  *Id.*  Plaintiff was served a copy of the Court's minutes.  *Id.*  In addition, Defendant Dayton sent Plaintiff a letter informing him that the Discovery Conference had been rescheduled for 5/29/2025 and that it would be conducted in person.  ECF No. 72.

On 5/29/2025, Plaintiff failed to appear for the in-person Discovery Conference.  ECF No. 73.  As reflected in its minutes, the Court stated that, "[b]ased upon Plaintiff's failure to appear at court proceeding[s], failure to comply with discovery requests and orders, failure to appear for deposition, failure to

comply with court rules, failure to meet litigation obligations and failure to diligently prosecute this action, this Court finds that Plaintiff has abandoned his claims in this case.  Accordingly, Court to issue findings and recommendation to dismiss this action, likely with prejudice." *Id.*

## Discussion

"District courts have inherent power to impose sanctions to manage their cases and courtrooms effectively, ensure the orderly administration of justice, and to enforce compliance with their orders." *Smith v. Premiere Valet Servs., Inc.*, Case No.: CV 19-09888-CJC(MAAx), 2022 WL 1153368, at *8 (C.D. Cal. Mar. 4, 2022) (citing *Int'l Union, United Mine Workers of Am. V. Bagwell*, 512 U.S. 821, 831 (1994); *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 965 (9th Cir. 2004); *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988)), *reconsideration denied,* 2022 WL 16859650 (C.D. Cal. Apr. 5, 2022), and *appeal dismissed,* No. 22-55390, 2022 WL 13592378 (9th Cir. Sept. 8, 2022).  "Indeed, 'district courts cannot function efficiently unless they can effectively require compliance with reasonable rules.  Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level.'" *Id.*  (quoting *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir. 1987)).

In extreme circumstances, a court may use its inherent power to impose terminating sanctions against a party that "repeatedly and willfully violates its orders." *Id.* (citing Fed. R. Civ. P. 16(f)(1); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006)). "Dismissal is appropriate only when a court finds that the party's conduct demonstrates willfulness, fault, or bad faith." *Id.* (citing *Leon*, 464 F.3d at 958). "Disobedient conduct not shown to be outside the control of the litigant" is sufficient to demonstrate willfulness, bad faith, or fault. *Id.* at *9 (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948-49 (9th Cir. 1993)).

To date, this Court has been extremely generous in providing Plaintiff with numerous opportunities to satisfy the most basic litigation obligations, namely, comply with discovery orders, appear for proceedings, and diligently prosecute his claims. Notwithstanding these many opportunities and the Court's consistent reminders, Plaintiff has failed to comply with Court deadlines and orders. This Court finds Plaintiff has engaged in a clear pattern of ignoring his duties and responsibilities a party litigant.

Plaintiff's repeated failures to comply with court orders are sufficient to establish willfulness, bad faith, and fault, such that terminating sanctions are warranted. Under the circumstances, these failures are not due to inadvertence, accident or mistake. Instead, it is apparent that Plaintiff is intentionally and continuously refusing to participate in court proceedings and failing to obey court orders. This pattern of disobedience does not reflect mistake or Plaintiff's inability

to comply, but rather, repeated and deliberate decisions to blatantly disregard court orders. For these reasons, this Court finds that Plaintiff's violation of multiple court orders clearly demonstrates the requisite willfulness, bad faith, and fault to warrant terminating sanctions.

Once a court finds that discovery violations are due to "willfulness, bad faith, or fault," it must weigh the following five factors to determine whether to impose terminating sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958 (citing *Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)).

These five factors are "not a series of conditions precedent before the judge can do anything," but "a way for a district judge to think about what to do." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Ultimately, "[t]he most critical criterion for the imposition of a dismissal sanction is that the misconduct penalized must relate to matters in controversy in such a way as to interfere with the rightful decision of the case." *Halaco Eng'g Co.*, 843 F.2d at 381 (citations omitted).  "This rule is rooted in general due process concerns." *Id.* (citation omitted).

Where a party violates a court order, as here, the first two factors support sanctions. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The fourth factor weighs against sanctions. *Id.* Therefore, the third factor regarding the risk of prejudice and the fifth factor regarding the availability of less drastic sanctions are decisive. *Id.*

A. <u>Risk of Prejudice to Defendant Dayton</u>

As to the third factor, the prejudice inquiry looks to whether the wrongdoing party's actions impair the non-wrongdoing party's "ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).  Here, Plaintiff's repeated and intentional failure to comply with court orders constitutes a significant interference "with the rightful decision of the case."  Plaintiff's obstructive tactics have unnecessarily delayed this litigation, burdened the court, and prejudiced Defendant by making it very difficult for Defendant Dayton to prepare for trial due to Plaintiff's lack of participation in this lawsuit.  The third factor thus supports terminating sanctions.

B. <u>Availability of Less Drastic Sanctions</u>

As to the fifth factor, this factor "is violated if dismissal is imposed without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Id.* (citing *Malone*, 833 F.2d at 131). This factor involves consideration of three subfactors: "whether the court explicitly discussed alternative sanctions,

11

whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057 (citing *Malone*, 833 F.2d at 132).

As to the first subfactor, the Court has previously tried to take less drastic action in the form of the countless previous warnings. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229, 1237 (9th Cir. 2006) (recognizing that a warning can satisfy the "consideration of alternatives" requirement" (citations omitted)). Yet despite these previous admonitions, Plaintiff willfully and in bad faith continued to disobey court orders.

As to the second subfactor, no lesser sanction is now available to compel Plaintiff's cooperation. Moreover, given Plaintiff's continued failure to cooperate or comply with court orders, it is unlikely that lesser sanctions, such as monetary sanctions, would deter similar conduct by Plaintiff in the future. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) ("It is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct." (citing *Anheuser-Busch, Inc.*, 69 F.3d at 352)).

As to the third subfactor, Plaintiff was explicitly warned on multiple occasions by the Court that failure to comply with court orders and deadlines may result in sanctions, including possible dismissal of this action. Notwithstanding this, Plaintiff still failed to comply. At this point, additional warnings would be meaningless.

12

The Court has considered each of the five factors used for deciding whether terminating sanctions are warranted.  Taking all of the factors into account under the circumstances, the Court finds that Plaintiff's repeated and blatant noncompliance with court orders warrant the extreme relief of dismissal of Plaintiff's claims with prejudice.  Plaintiff's repeated failure to comply with court orders was knowing and deliberate.  Sanctions other than dismissal with prejudice would be unavailing, would not rectify the prejudice Defendant has suffered in defending against this action, and would not deter misconduct by Plaintiff in the future. This Court will not permit Plaintiff to effectively hold the litigation process hostage through Plaintiff's deliberate and inexcusable non-compliance over many months.  The Court thus recommends that the district court impose terminating sanctions and dismiss Plaintiff's claims against Defendant with prejudice.

## CONCLUSION

Based on the foregoing, the Court **FINDS AND RECOMMENDS** that the district court dismiss the instant case against Defendant Dayton with prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 2, 2025.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00171 DKW-RT; *Eric Hurst vs. Earl Dayton*;  Findings and Recommendation to Dismiss Complaint with Prejudice